Kristin H. Jain, Esq.
Texas Bar No. 24010128
khjain@jainlaw.com
JAIN LAW & ASSOCIATES PLLC
400 North Saint Paul Street, Suite 510
Dallas, Texas  75201-6829
Telephone: (214) 446-0330
Facsimile: (214) 446-0321

*Local Counsel for NexPoint Advisors, L.P.*

Samuel A. Schwartz, Esq. (admitted *pro hac vice*)
Nevada Bar No. 10985
saschwartz@nvfirm.com
Athanasios E. Agelakopoulos, Esq. (admitted *pro hac vice*)
Nevada Bar No. 14339
aagelakopoulos@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada  89101-5805
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Counsel for NexPoint Advisors, L.P.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-34054-sgj11 |

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are 6725. The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850; Dallas, Texas  75201.

Reorganized Debtor.

NEXPOINT ADVISORS, L.P.,                    Case No. 3:21-cv-03086-K

                Appellant.          *consolidated with:*

v.                                          Case No. 3:21-cv-03088-K
                                            Case No. 3:21-cv-03094-K
PACHULSKI STANG ZIEHL &                     Case No. 3:21-cv-03096-K
JONES LLP; WILMER CUTLER                    Case No. 3:21-cv-03104-K
PICKERING HALE AND DORR
LLP; SIDLEY AUSTIN LLP; FTI
CONSULTING, INC.; AND TENEO
CAPITAL, LLC,

                Appellees.

## APPELLANT NEXPOINT ADVISORS, L.P.'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND <u>STATEMENT OF ISSUES TO BE PRESENTED</u>

Appellant NexPoint Advisors, L.P. (the "**Appellant**" or "**NexPoint**"), pursuant to Rule 6(b)(2)(B) of the Federal Rules of Appellate Procedure, hereby files the following *Designation of Items to Be Included in the Record on Appeal and Statement of Issues to Be Presented* in the above-captioned consolidated bankruptcy appeal (Lead Case No. 3:21-cv-03086-K, *consolidated with* Case Nos. 3:21-cv-03088-K, 3:21-cv-03094-K, 3:21-cv-03096-K, and 3:21-cv-03104-K), and respectfully requests that the District Clerk prepare and transmit the record to the

Circuit Clerk of the United States Court of Appeals for the Fifth Circuit for the

appeal (Case No. 22-10575).

## DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

1.      Docket Sheet for District Case No. 3:21-cv-03086-K.

2.      Each of the additional documents and items designated below (as

described in the Docket Sheet for District Case No. 3:21-cv-03086-K):

| Designation No. | Docket No. | Date | Description |
|---|---|---|---|
| 1 | 1 | 12/10/21 | Pursuant to Fed. R. Bankr. P. 8003(d), the bankruptcy clerk has transmitted the notice of appeal filed in bankruptcy case number 19-34054 and the notice of appeal has now been docketed in the district court in case 3:21-cv-3086. (The filing fee has been paid in the Bankruptcy Court.) Pursuant to Fed. R. Bankr. P. 8009, before the record on appeal can be assembled and filed in the district court, designations of items to be included in the record on appeal and statements of issues must be filed in the bankruptcy case. If a sealed document is designated, the designating party must file a motion in the district court case for the document to be accepted under seal. See also District Court Local Bankruptcy Rule 8012.1. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If |

| | | | |
|---|---|---|---|
| | | | admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Notice of appeal and supporting documents) (Whitaker - TXNB, Sheniqua) (Entered: 12/10/2021) |
| 2 | 4 | 12/17/21 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by NextPoint Advisors LP. (Jain, Kristin) (Entered: 12/17/2021) |
| 3 | 7 | 01/07/22 | Unopposed Motion to Consolidate Appeals and to Establish Procedures for Consolidation of the Record on Appeal and Briefing filed by NextPoint Advisors LP. (Attachments: # 1 Proposed Order Granting Appellant NexPoint Advisors, L.P.'s Unopposed Motion to Consolidate Appeals and to Establish Procedures for Consolidation of the Record on Appeal and Briefing) (Schwartz, Samuel) Modified title on 1/10/2022 (ygl). (Entered: 01/07/2022) |
| 4 | 8 | 01/11/22 | ORDER CONSOLIDATING CASES: Member case(s) 3:21-CV-3088, 3:21-CV-3094, 3:21-CV-3096, 3:21-CV-3104 consolidated with lead case 3:21-CV-3086-K. Wilmer Cutler Pickering Hale and Dorr LLP, Teneo Capital LLC, Sidley Austin LLP and FTI Consulting Inc, added to case pursuant to consolidation. (Ordered by Judge Ed Kinkeade on 1/11/2022) (ygl) (Entered: 01/11/2022) |
| 5 | 9 | 01/11/22 | ORDER: Before the Court is Appellant NexPoint Advisors, L.P.'s Unopposed Motion to Consolidate Appeals and to Establish Procedures for Consolidation of the Record on Appeal and Briefing (the "Motion") (Doc. No. 7). The Court reviewed and considered the Motion, the Certificate of Conference attached to the Motion, and |

| | | | |
|---|---|---|---|
| | | | other pleadings and papers in the record of the Bankruptcy Case and the Appeals, of which the Court takes judicial notice under Fed. R. Evid. 201 and 1101. The Motion is GRANTED IN PART AND DENIED IN PART. The Court has previously consolidated the cases. The Court DENIES WITHOUT PREJUDICE to refiling the parties' requested page extensions for their respective appellate briefs; parties may later motion the Court for any necessary page extensions should the need arise. The Motion is otherwise GRANTED in the following respects. (See Order for Specifics.) (Ordered by Judge Ed Kinkeade on 1/11/2022) (chmb) (Entered: 01/11/2022) |
| 6 | 14 | 01/17/22 | MOTION to Dismiss for Lack of Jurisdiction (Appellees' Joint Motion to Dismiss Appeal as Constitutionally Moot) filed by FTI Consulting Inc, Pachulski Stang Ziehl & Jones LLP, Sidley Austin LLP, Teneo Capital LLC, Wilmer Cutler Pickering Hale and Dorr LLP (Annable, Zachery) (Entered: 01/17/2022) |
| 7 | 24 | 01/24/22 | RESPONSE/OBJECTION filed by NextPoint Advisors LP re: 14 (Appellees' Joint Motion to Dismiss Appeal as Constitutionally Moot) (Schwartz, Samuel) Modified text on 1/25/2022 (ygl). (Entered: 01/24/2022) |
| 8 | 25 | 01/24/22 | Appendix in Support filed by NextPoint Advisors LP re 24 Response/Objection (Attachments: # 1 Exhibit(s) A - Final Applications for Compensation and Reimbursement of Expenses - Transcript of Proceedings Before the Honorable Stacey G.C. Jernigan, United States Bankruptcy Judge (November 17, 2021)) (Schwartz, Samuel) (Entered: 01/24/2022) |

| 9 | 26 | 01/31/22 | REPLY filed by FTI Consulting Inc, Pachulski Stang Ziehl & Jones LLP, Sidley Austin LLP, Teneo Capital LLC, Wilmer Cutler Pickering Hale and Dorr LLP re: 14 MOTION to Dismiss for Lack of Jurisdiction (Appellees' Joint Motion to Dismiss Appeal as Constitutionally Moot) (Annable, Zachery) (Entered: 01/31/2022) |
|---|---|---|---|
| 10 | 30 | 02/10/22 | MOTION for Leave to File Opening Brief in Excess of Page and Type-Volume Limitations of Federal Rule of Bankruptcy Procedure 8015(a)(7) filed by NextPoint Advisors LP with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) 1 - Proposed Order) (Schwartz, Samuel) (Entered: 02/10/2022) |
| 11 | 31 | 03/15/22 | Notice Transmitting COMPLETE BK Record on Appeal re 1 Notice Transmitting BK Appeal or Withdrawal of Reference. (Attachments: # 1 Mini Record Vol. 1, # 2 Appellant Record Vol. 2, # 3 Appellant Record Vol. 3, # 4 Appellant Record Vol. 4, # 5 Appellant Record Vol. 5, # 6 Appellant Record Vol. 6, # 7 Appellant Record Vol. 7, # 8 Appellant Record Vol. 8, # 9 Appellant Record Vol. 9, # 10 Appellant Record Vol. 10, # 11 Appellant Record Vol. 11, # 12 Appellant Record Vol. 12, # 13 Appellant Record Vol. 13, # 14 Appellant Record Vol. 14, # 15 Appellant Record Vol. 15, # 16 Appellant Record Vol. 16, # 17 Appellant Record Vol. 17, # 18 Appellant Record Vol. 18, # 19 Appellant Record Vol. 19, # 20 Appellant Record Vol. 20, # 21 Appellant Record Vol. 21, # 22 Appellant Record Vol. 22, # 23 Appellant Record Vol. 23, # 24 Appellant Record Vol. 24, # 25 Appellant Record Vol. 25, # 26 Appellant Record Vol. 26, # 27 Appellant Record Vol. 27, # 28 |

|  |  |  | Appellant Record Vol. 28, # 29 Appellant Record Vol. 29, # 30 Appellant Record Vol. 30, # 31 Appellant Record Vol. 31, # 32 Appellant Record Vol. 32, # 33 Appellant Record Vol. 33, # 34 Appellant Record Vol. 34, # 35 Appellant Record Vol. 35, # 36 Appellant Record Vol. 36, # 37 Appellant Record Vol. 37, # 38 Appellant Record Vol. 38, # 39 Appellant Record Vol. 39, # 40 Appellant Record Vol. 40, # 41 Appellant Record Vol. 41, # 42 Appellant Record Vol. 42, # 43 Appellant Record Vol. 43, # 44 Appellant Record Vol. 44, # 45 Appellant Record Vol. 45, # 46 Appellant Record Vol. 46, # 47 Appellant Record Vol. 47, # 48 Appellant Record Vol. 48, # 49 Appellant Record Vol. 49, # 50 Appellant Record Vol. 50, # 51 Appellant Record Vol. 51, # 52 Appellant Record Vol. 52, # 53 Appellant Record Vol. 53, # 54 Appellant Record Vol. 54, # 55 Appellant Record Vol. 55, # 56 Appellant Record Vol. 56, # 57 Appellant Record Vol. 57, # 58 Appellant Record Vol. 58, # 59 Appellant Record Vol. 59, # 60 Appellant Record Vol. 60, # 61 Appellant Record Vol. 61, # 62 Appellant Record Vol. 62, # 63 Appellant Record Vol. 63, # 64 Appellant Record Vol. 64, # 65 Appellant Record Vol. 65, # 66 Appellant Record Vol. 66, # 67 Appellant Record Vol. 67, # 68 Appellant Record Vol. 68, # 69 Appellant Record Vol. 69, # 70 Appellant Record Vol. 70, # 71 Appellant Record Vol. 71, # 72 Appellant Record Vol. 72, # 73 Appellant Record Vol. 73, # 74 Appellee Record Vol. 74, # 75 Appellee Record Vol. 75, # 76 Appellee Record Vol. 76, # 77 Appellee Record Vol. 77, # 78 Appellee Record Vol. 78) (Blanco - TXNB, Juan) (Entered: |

| | | | 03/15/2022) |
|---|---|---|---|
| 12 | 32 | 03/24/22 | ELECTRONIC ORDER - Before the Court is Appellant NexPoint Advisors, L.P.'s Motion for Leave to File Opening Brief in Excess of Page and Type-Volume Limitations of Federal Rule of Bankruptcy Procedure 8015(a)(7) (the "Motion"). Doc. No. 30. Having carefully considered the Motion and the applicable law, and after a cursory review of the transmitted record (Doc. No. 31), the Court GRANTS the Motion. Appellant is granted leave to exceed the page and type-volume limitations of Bankruptcy Rule 8015(a)(7) and file an Opening Brief limited in size to no more than sixty (60) pages or twenty-six thousand (26,000) words. (Ordered by Judge Ed Kinkeade on 3/24/2022) (chmb) (Entered: 03/24/2022) |
| 13 | 33 | 04/14/22 | Appellant's BRIEF by NextPoint Advisors LP. (Schwartz, Samuel) (Entered: 04/14/2022) |
| 14 | 34 | 04/25/22 | Unopposed MOTION for Extension of Time to File Joint Answering Brief, MOTION (Appellees' Unopposed Motion for Extension of Length of Joint Answering Brief and Extension of Time to File Joint Answering Brief) () filed by FTI Consulting Inc, Pachulski Stang Ziehl & Jones LLP, Sidley Austin LLP, Teneo Capital LLC, Wilmer Cutler Pickering Hale and Dorr LLP (Attachments: # 1 Proposed Order)Attorney Zachery Z. Annable added to party Pachulski Stang Ziehl & Jones LLP (pty:e), Attorney Zachery Z. Annable added to party Wilmer Cutler Pickering Hale and Dorr LLP (pty:e) (Annable, Zachery) (Entered: 04/25/2022) |
| 15 | 35 | 04/25/22 | ELECTRONIC ORDER - Before the Court |

| | | | |
|---|---|---|---|
| | | | is Appellees' Unopposed Motion for Extension of Length of Joint Answering Brief and Extension of Time to File Joint Answering Brief (the "Motion") (Doc. No. 34). Having carefully considered the Motion and the applicable law, the Court GRANTS the Motion. The deadline for Appellees to file their Joint Answering Brief is extended from May 14, 2022, through and including June 14, 2022. The length of Appellees' Joint Answering Brief is extended pursuant to Bankruptcy Rule 8015(a)(7) to the greater of 40 pages or 17,500 words. The length for any reply brief filed by Appellant to the Joint Answering Brief is extended pursuant to Bankruptcy Rule 8015(a)(7) to the greater of 25 pages or 10,500 words. (Ordered by Judge Ed Kinkeade on 4/25/2022) (chmb) (Entered: 04/25/2022) |
| 16 | 37 | 05/09/22 | MEMORANDUM OPINION AND ORDER - Before the Court are Appellees' Joint Motion to Dismiss Appeals as Constitutionally Moot (the "Motion") (Doc. No. 14), Appellant NexPoint Advisors, L.P.'s Opposition to Appellees' Joint Motion to Dismiss Appeals as Constitutionally Moot (the "Response") (Doc. No. 24), and Appellees' Joint Reply to Appellant's Opposition to Motion to Dismiss Appeals as Constitutionally Moot (the "Reply") (Doc. No. 26). Having carefully considered the Motion, the Response, the Reply, the applicable briefs and appendices, and the applicable law, the Court finds Appellant lacks standing to appeal under this circuit"s "person aggrieved" test, and therefore GRANTS Appellees' Motion. (Ordered by Judge Ed Kinkeade on 5/9/2022) (chmb) (Entered: 05/09/2022) |

| 17 | 38 | 05/09/22 | JUDGMENT - This appeal came on for consideration on the briefs. For the reasons stated in the Court's Memorandum Opinion and Order filed today, this appeal is DISMISSED. All pending motions filed in this appeal are terminated. Costs of this appeal are taxed against Appellants pursuant to Fed. R. Bankr. P. 8021(a) or (a)(2). (Entered by R. Jacobson Deputy Clerk on 5/9/2022) (chmb) (Entered: 05/09/2022) |
| 18 | 39 | 06/07/22 | NOTICE OF APPEAL as to 37 Memorandum Opinion and Order,,, 38 Judgment, to the Fifth Circuit by NextPoint Advisors LP. Filing fee $505, receipt number 0539-12878590. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Attachments: # 1 Exhibit(s) A - Memorandum Opinion and Order, # 2 Exhibit(s) B - Judgment) (Schwartz, Samuel) (Entered: 06/07/2022) |
| 19 | 40 | 06/21/22 | Transcript Order Form: re 39 Notice of Appeal,,,, transcript not requested Reminder: If the transcript is ordered for an |

| | | | appeal, Appellant must also file a copy of the order form with the appeals court. (Schwartz, Samuel) (Entered: 06/21/2022) |
|---|---|---|---|

3.      Docket Sheet for District Case No. 3:21-cv-03088-K.

4.      Each of the additional documents and items designated below (as described in the Docket Sheet for District Case No. 3:21-cv-03088-K):

| **Designation No.** | **Docket No.** | **Date** | **Description** |
|---|---|---|---|
| 20 | 1 | 12/10/21 | Pursuant to Fed. R. Bankr. P. 8003(d), the bankruptcy clerk has transmitted the notice of appeal filed in bankruptcy case number 19-34054 and the notice of appeal has now been docketed in the district court in case 3:21-cv-3088. (The filing fee has been paid in the Bankruptcy Court.) Pursuant to Fed. R. Bankr. P. 8009, before the record on appeal can be assembled and filed in the district court, designations of items to be included in the record on appeal and statements of issues must be filed in the bankruptcy case. If a sealed document is designated, the designating party must file a motion in the district court case for the document to be accepted under seal. See also District Court Local Bankruptcy Rule 8012.1. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Notice of |

| | | | appeal and supporting documents) (Whitaker - TXNB, Sheniqua) (Entered: 12/10/2021) |
|---|---|---|---|
| 21 | 4 | 12/17/21 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by NextPoint Advisors LP. (Jain, Kristin) (Entered: 12/17/2021) |
| 22 | 7 | 01/07/22 | Motion to Consolidate Appeals and to Establish Procedures for Consolidation of the Record on Appeal and Briefing filed by NextPoint Advisors LP. (Attachments: # 1 Proposed Order Granting Appellant NexPoint Advisors, L.P.'s Unopposed Motion to Consolidate Appeals and to Establish Procedures for Consolidation of the Record on Appeal and Briefing) (Schwartz, Samuel) Modified title on 1/10/2022 (ygl). (Entered: 01/07/2022 |
| 23 | 8 | 01/11/22 | ORDER OF TRANSFER: The above styled and numbered case is TRANSFERRED to the docket of the Honorable Ed Kinkeade for possible consolidation with case number 3:21-CV-3086-K, and shall henceforth carry the suffix letter K. Judge Brantley Starr no longer assigned to case. (Ordered by Judge Brantley Starr on 1/11/2022) (ygl) (Entered: 01/11/2022 |
| 24 | 9 | 01/11/22 | ORDER CONSOLIDATING CASES: Member case(s) 3:21-CV-3088, 3:21-CV-3094, 3:21-CV-3096, 3:21-CV-3104 consolidated with lead case 3:21-CV-3086-K. Member case administratively closed following consolidation. Further docketing should be in lead case 3:21-CV-3086-K. (Ordered by Judge Ed Kinkeade on 1/11/2022) (ygl) (Entered: 01/11/2022 |

5.    Docket Sheet for District Case No. 3:21-cv-03094-K.

6.     Each of the additional documents and items designated below (as described in the Docket Sheet for District Case No. 3:21-cv-03094-K):

| Designation No. | Docket No. | Date | Description |
|---|---|---|---|
| 25 | 1 | 12/10/21 | Pursuant to Fed. R. Bankr. P. 8003(d), the bankruptcy clerk has transmitted the notice of appeal filed in bankruptcy case number 19-34054 and the notice of appeal has now been docketed in the district court in case 3:21-cv-3094. (The filing fee has been paid in the Bankruptcy Court.) Pursuant to Fed. R. Bankr. P. 8009, before the record on appeal can be assembled and filed in the district court, designations of items to be included in the record on appeal and statements of issues must be filed in the bankruptcy case. If a sealed document is designated, the designating party must file a motion in the district court case for the document to be accepted under seal. See also District Court Local Bankruptcy Rule 8012.1. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Notice of appeal and supporting documents) (Whitaker - TXNB, Sheniqua) (Entered: 12/10/2021) |
| 26 | 4 | 12/17/21 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by NextPoint Advisors LP. (Jain, Kristin) |

| | | | |
|---|---|---|---|
| | | | (Entered: 12/17/2021) |
| 27 | 10 | 12/24/21 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Teneo Capital LLC identifying Corporate Parent/Other Affiliate Teneo World Wide LLC for Teneo Capital LLC. (Hoffman, Juliana) (Entered: 12/24/2021) |
| 28 | 11 | 01/07/22 | Motion to Consolidate Appeals and to Establish Procedures for Consolidation of the Record on Appeal and Briefing filed by NextPoint Advisors LP. (Attachments: # 1 Proposed Order Granting Appellant NexPoint Advisors, L.P.'s Unopposed Motion to Consolidate Appeals and to Establish Procedures for Consolidation of the Record on Appeal and Briefing) (Schwartz, Samuel) Modified title on 1/10/2022 (ygl). (Entered: 01/07/2022) |
| 29 | 12 | 01/10/22 | ORDER OF TRANSFER: Case reassigned to Judge Ed Kinkeade for all further proceedings. Judge Ada Brown no longer assigned to case. (Ordered by Judge Ada Brown on 1/10/2022) (mjr) (Entered: 01/11/2022) |
| 30 | 13 | 01/11/22 | ORDER CONSOLIDATING CASES: Member case(s) 3:21-CV-3088, 3:21-CV-3094, 3:21-CV-3096, 3:21-CV-3104 consolidated with lead case 3:21-CV-3086-K. Member case administratively closed following consolidation. Further docketing should be in lead case 3:21-CV-3086-K. (Ordered by Judge Ed Kinkeade on 1/11/2022) (ygl) (Entered: 01/11/2022) |

7.    Docket Sheet for District Case No. 3:21-cv-03096-K.

8.    Each of the additional documents and items designated below (as described in the Docket Sheet for District Case No. 3:21-cv-03096-K):

| Designation No. | Docket No. | Date | Description |
|---|---|---|---|
| 31 | 1 | 12/10/21 | Pursuant to Fed. R. Bankr. P. 8003(d), the bankruptcy clerk has transmitted the notice of appeal filed in bankruptcy case number 19-34054 and the notice of appeal has now been docketed in the district court in case 3:21-cv-3096. (The filing fee has been paid in the Bankruptcy Court.) Pursuant to Fed. R. Bankr. P. 8009, before the record on appeal can be assembled and filed in the district court, designations of items to be included in the record on appeal and statements of issues must be filed in the bankruptcy case. If a sealed document is designated, the designating party must file a motion in the district court case for the document to be accepted under seal. See also District Court Local Bankruptcy Rule 8012.1. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Notice of appeal and supporting documents) (Whitaker - TXNB, Sheniqua) (Entered: 12/10/2021) |
| 32 | 4 | 12/17/21 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by NextPoint Advisors LP. (Jain, Kristin) (Entered: 12/17/2021) |
| 33 | 10 | 12/24/21 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Sidley Austin LLP. (Hoffman, Juliana) |

| | | | |
|---|---|---|---|
| | | | (Entered: 12/24/2021) |
| 34 | 11 | 01/07/22 | Motion to Consolidate Appeals and to Establish Procedures for Consolidation of the Record on Appeal and Briefing filed by NextPoint Advisors LP. (Attachments: # 1 Proposed Order Granting Appellant NexPoint Advisors, L.P.'s Unopposed Motion to Consolidate Appeals and to Establish Procedures for Consolidation of the Record on Appeal and Briefing) (Schwartz, Samuel) Modified title on 1/10/2022 (ygl). (Entered: 01/07/2022) |
| 35 | 12 | 01/11/22 | ORDER REASSIGNING CASE. Case reassigned to Judge Ed Kinkeade for all further proceedings. Judge Sam A. Lindsay no longer assigned to case. This case is hereby transferred to the docket of the Honorable United States District Judge Ed Kinkeade for possible consolidation with four related appeals. Judge Kinkeade will determine whether the appeals should be consolidated. (Ordered by Judge Sam A. Lindsay on 1/11/2022) (ndt) (Entered: 01/11/2022) |
| 36 | 13 | 01/11/22 | ORDER CONSOLIDATING CASES: Member case(s) 3:21-CV-3088, 3:21-CV-3094, 3:21-CV-3096, 3:21-CV-3104 consolidated with lead case 3:21-CV-3086-K. Member case administratively closed following consolidation. Further docketing should be in lead case 3:21-CV-3086-K. (Ordered by Judge Ed Kinkeade on 1/11/2022) (ygl) (Entered: 01/11/2022) |

9.    Docket Sheet for District Case No. 3:21-cv-03104-K.

10.   Each of the additional documents and items designated below (as described in the Docket Sheet for District Case No. 3:21-cv-03104-K):

| Designation No. | Docket No. | Date | Description |
|---|---|---|---|
| 37 | 1 | 12/13/21 | Pursuant to Fed. R. Bankr. P. 8003(d), the bankruptcy clerk has transmitted the notice of appeal filed in bankruptcy case number 19-34054 and the notice of appeal has now been docketed in the district court in case 3:21-cv-3104. (The filing fee has been paid in the Bankruptcy Court.) Pursuant to Fed. R. Bankr. P. 8009, before the record on appeal can be assembled and filed in the district court, designations of items to be included in the record on appeal and statements of issues must be filed in the bankruptcy case. If a sealed document is designated, the designating party must file a motion in the district court case for the document to be accepted under seal. See also District Court Local Bankruptcy Rule 8012.1. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Notice of appeal and supporting documents) (Whitaker - TXNB, Sheniqua) (Entered: 12/13/2021) |
| 38 | 4 | 12/17/21 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by NextPoint Advisors LP. (Jain, Kristin) (Entered: 12/17/2021) |
| 39 | 10 | 12/24/21 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by FTI Consulting Inc identifying Corporate |

| | | | |
|---|---|---|---|
| | | | Parent/Other Affiliate Kayne Anderson Rudnick Investment Management LLC for FTI Consulting Inc. (Hoffman, Juliana) (Entered: 12/24/2021) |
| 40 | 11 | 01/07/22 | Motion to Consolidate Appeals and to Establish Procedures for Consolidation of the Record on Appeal and Briefingfiled by NextPoint Advisors LP. (Attachments: # 1 Proposed Order Granting Appellant NexPoint Advisors, L.P.'s Unopposed Motion to Consolidate Appeals and to Establish Procedures for Consolidation of the Record on Appeal and Briefing) (Schwartz, Samuel) Modified title on 1/10/2022 (ygl). (Entered: 01/07/2022) |
| 41 | 12 | 01/11/22 | ORDER REASSIGNING CASE. Case reassigned to Judge Ed Kinkeade for possible consolidation and for all further proceedings. Senior Judge A. Joe Fish no longer assigned to case. (Ordered by Senior Judge A. Joe Fish on 1/11/2022) (ndt) (Entered: 01/11/2022) |
| 42 | 13 | 01/11/22 | ORDER CONSOLIDATING CASES: Member case(s) 3:21-CV-3088, 3:21-CV-3094, 3:21-CV-3096, 3:21-CV-3104 consolidated with lead case 3:21-CV-3086-K. Member case administratively closed following consolidation. Further docketing should be in lead case 3:21-CV-3086-K. (Ordered by Judge Ed Kinkeade on 1/11/2022) (ygl) (Entered: 01/11/2022) |

/ / /

/ / /

/ / /

/ / /

## STATEMENT OF ISSUES TO BE PRESENTED

1.      Whether the District Court erred as a matter of law by dismissing NexPoint's appeal of the Fee Application Orders[2] for lack of standing under the "person aggrieved" prudential limitation on appellate standing in bankruptcy matters and determining that NexPoint does not qualify as a "person aggrieved" by the Fee Application Orders in an instance where (i) NexPoint argued, and no party below disputed, that NexPoint was being sued for, among other forms of relief, the very professional fees embodied in the Fee Application Orders in an adversary proceeding initiated against it and (ii) in the absence of NexPoint's ability to appeal the Bankruptcy Court's Fee Application Orders, the finality of Fee Application Orders on direct review would give rise to claim preclusive/*res judicata* effect that would allow the Fee Application Orders to be asserted *offensively* against NexPoint in the underlying adversary proceeding and, thereby, deprive NexPoint of one of its defenses thereto and the ability to contest the reasonableness of the underlying fees?

2.      Whether the District Court erred as a matter of law by dismissing NexPoint's appeal of the Fee Application Orders for lack of standing under the "person aggrieved" prudential limitation on appellate standing in bankruptcy matters

---

[2]      Capitalized terms not otherwise defined herein shall have the meaning(s) ascribed to such terms in the *Memorandum Opinion and Order* entered by the United States District Court for the Northern District of Texas, Dallas Division in Civil Action No. 3:21-cv-03086-K at Docket No. 37.

and determining that NexPoint does not qualify as a "person aggrieved" by the Fee Application Orders in an instance wherein NexPoint predicated its standing before the District Court as that of a creditor and party in interest based on an unpaid administrative claim entitled to second distribution priority under 11 U.S.C. §§ 503(b)(1) and 507(a)(2) of approximately $14 million currently pending before the Bankruptcy Court based on the District Court's determination that NexPoint's prospects of not being paid on its administrative claim was too remote for NexPoint to qualify as a "person aggrieved" for purposes of appellate standing under that standard?

3.     Whether the District Court erred in applying the "person aggrieved" standard to dismiss NexPoint's appeals of the Fee Application Orders in contravention of the Supreme Court's decision in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), and limiting a Congressionally created cause of action to object to professional fee requests under 11 U.S.C. §§ 330(a) and 1109(b) by rejecting NexPoint's appellate standing under the heightened prudential bar of the "person aggrieved" standard, rather than measuring NexPoint's appellate standing under Article III and the aforementioned statutes, which standards NexPoint satisfies?

4.     Whether subjecting NexPoint to the *res judicata*/claim preclusive effect(s) of the of the Fee Application Orders while, at the same time, barring

NexPoint's ability to challenge the Fee Application Orders on the basis of the "person aggrieved" prudential limitation on appellate standing — thereby allowing Appellees to essentially have it both ways — amounts to an impermissible violation of NexPoint's rights to due process under the Fifth Amendment to the United States Constitution?

*[Signature Page to Follow]*

Dated: June 21, 2022.

By:  */s/ Kristin H. Jain*
     Kristin H. Jain, Esq.
     Texas Bar No. 24010128
     khjain@jainlaw.com
     JAIN LAW & ASSOCIATES PLLC
     400 North Saint Paul Street, Suite 510
     Dallas, Texas  75201-6829
     Telephone: (214) 446-0330
     Facsimile: (214) 446-0321

*Local Counsel for NexPoint Advisors, L.P.*

- and -

*/s/ Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Athanasios E. Agelakopoulos, Esq.
Nevada Bar No. 14339
aagelakopoulos@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada  89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Counsel for NexPoint Advisors, L.P.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 21, 2022, a true and correct copy of the foregoing *Appellant NexPoint Advisors, L.P.'s Designation of Items to Be Included in the Record on Appeal and Statement of Issues to Be Presented* was served electronically via the Court's ECF system upon all parties of interest requesting or consenting to such service in this case.

/s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Athanasios E. Agelakopoulos, Esq.
Nevada Bar No. 14339
aagelakopoulos@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada  89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Counsel for NexPoint Advisors, L.P.*